# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH DIVISION OF CONSUMER PROTECTION,<br><br>Plaintiff,<br><br>v.<br><br>TROY STEVENS, an individual, and doing business as REAL ESTATE WORKSHOP, a Utah DBA;<br><br>CORY WADSWORTH, an individual, and partner in REAL ESTATE WORKSHOP;<br><br>MJ AUGIE BOVE, an individual, and partner in REAL ESTATE WORKSHOP;<br><br>PROSPERITY INTERNATIONAL LLC, a Utah limited liability company, formerly doing business as FLIP AND BUILD WEALTH, a Utah DBA, and formerly doing business as REAL ESTATE WORKSHOP;<br><br>OPUS MANAGEMENT GROUP, LLC, a Utah limited liability company;<br><br>MANTIS MANAGEMENT, INC, a Utah corporation;<br><br>SELECTIVE MARKETING COMPANY, a Utah corporation;<br><br>and<br><br>BO-ROC MANAGEMENT INC., an Alaska corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL**<br><br><br>Case No. 2:19-cv-00441-HCN<br><br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Defendants have filed a motion to compel the destruction or return of certain materials that the Utah Division of Consumer Protection ("the State") obtained from Defendants pursuant to an *ex parte* temporary restraining order previously issued by this court. Defendants maintain that this relief is required by the temporary restraining order as well as by the Constitution. As explained below, the court denies Defendants' motion.

This court entered the temporary restraining order at the State's request shortly after it brought suit against Defendants alleging violations of federal and state laws governing telemarketing and related business activities. This court subsequently dismissed the suit, however, concluding that the State lacked both standing and statutory authority to bring the suit in federal court. *See Utah Div. of Consumer Prot. v. Stevens*, 398 F. Supp. 3d 1139 (D. Utah 2019). The State then filed a similar suit against Defendants in state court, this time alleging only state-law violations. Defendants now seek to enforce certain provisions of the temporary restraining order. This order authorized the State to seize certain documents and other materials from Defendants but required the State to return these materials by a specific date. The order also authorized the State to make copies of the seized materials. It appears undisputed that the State has returned the original materials that it seized from Defendants but has retained the copies that it made of these materials. The State argues that the temporary restraining order permitted it to do so. Defendants, however, maintain that this order required that these copies be returned or destroyed, and they request this court to direct the State to comply with this asserted requirement. *See* Dkt. No. 68 at 4. Defendants also ask this court to hold that the Fourth Amendment, the exclusionary rule associated with this Amendment, and the Due Process Clause

bar the State from retaining or using in the state court litigation copies or other evidence obtained pursuant to this court's temporary restraining order. *See id.* at 5–8.

Even if the temporary restraining order required the State to return or destroy the disputed copies, Defendants are not entitled to enforcement of this order. This court previously ruled that "the State lacks standing to maintain its [federal] claim" in this court against Defendants "because it has not alleged any concrete injury to its citizens." *Stevens*, 398 F. Supp. 3d at 1146. And because it lacked jurisdiction over the State's federal claim, the court dismissed the state law claims as well. *See id.* at 1149 (citing and quoting *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999), and *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1168 (10th Cir. 2004)). It follows that this court lacked jurisdiction to issue the temporary restraining order. And as the Supreme Court explained in *United States v. United Mine Workers of America*, "[t]he right to remedial relief falls with an injunction which events prove was erroneously issued and a fortiori when the injunction or restraining order was beyond the jurisdiction of the court." 330 U.S. 258, 295 (1947) (internal citations and footnote omitted). While this analysis may have been unnecessary to the holding in *United Mine Workers*, the Tenth Circuit has held that it governs the enforcement of temporary restraining orders. *See Reliance Ins. Co. v. Mast Const. Co.*, 84 F.3d 372, 376 (10th Cir. 1996); *see also Verlo v. City & Cty. of Denver, Colorado*, 741 F. App'x 534, 544 (10th Cir. 2018); *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 500 (10th Cir. 1980).

Nor are Defendants entitled to a ruling from this court on their constitutional arguments. In *Younger v. Harris*, the Supreme Court held that when a party raises a federal constitutional challenge to a pending state criminal prosecution, principles of federalism and comity require a federal court to abstain from staying or enjoining the state proceeding absent special

circumstances. *See* 401 U.S. 37, 41, 43–54 (1971). The Supreme Court subsequently extended *Younger* beyond the criminal context, finding its rationale "broad enough to apply to interference by a federal court with an ongoing civil enforcement action . . . brought by the State in its sovereign capacity." *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977). And as the *Trainor* Court's reference to "interference" with pending litigation suggests, the *Younger* abstention doctrine has not been limited to cases where a litigant seeks to stay or enjoin pending proceedings. *See also Schlesinger v. Councilman*, 420 U.S. 738, 756–58 (1975) (extending *Younger* to pending court martial proceedings and holding "the federal district courts must refrain from intervention [with such proceedings], by way of injunction *or otherwise*") (emphasis added). Rather, "*Younger* governs *whenever* the requested relief would *interfere* with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. v. Ingram,* 275 F.3d 1253, 1272 (10th Cir. 2002) (emphases added); *see also* 17A Moore's Federal Practice - Civil § 122.72 (2019) ("Although some interference with the state proceedings is required for *Younger* abstention, the interference need not be direct.").

As the Tenth Circuit has summarized, *Younger* abstention requires that "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (citation omitted). Here, there is an ongoing civil proceeding in a state court that surely provides an adequate forum to address the constitutional claims raised by Defendants in this court—indeed, Defendants have already flagged these issues in their state court filings. *See*

Motion to Show Cause, *Utah Div. of Consumer Prot. v. Stevens*, No. 190907053 (Utah 3d Dist. Ct. Oct. 18, 2019), Dkt. No. 27. Nor can there be any doubt that the state proceedings involve important state interests. These proceedings are precisely the sort of "civil enforcement action . . . brought by the State in its sovereign capacity" addressed by the Supreme Court in *Trainor*. As this court previously recognized, moreover, there can be no question that the State seeks to vindicate important sovereign interests through its action against Defendants. *See Stevens*, 398 F.Supp.3d at 1150.

For the foregoing reasons, Defendants' motions to compel is **DENIED**. **IT IS SO ORDERED**.

DATED this **9th** day of **January, 2020**.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge